**Order entered July 21, 2017**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-00846-CR
No. 05-16-01160-CR

**DOUGLAS ALLEN MACHUTTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**THE STATE OF TEXAS, Appellant**

**V.**

**DOUGLAS ALLEN MACHUTTA, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F15-23625-Y**

## ORDER

We **REINSTATE** these appeals.

Appellant's brief in cause number 05-16-00846-CR was originally due April 3, 2017. After we granted a joint motion to extend time, the brief was due May 23, 2017. When the brief had not been filed and we had no communication from appellant, we abated these appeals for a hearing to determine why appellant's brief had not been filed in cause number 05-16-00846-CR.

Before we received any notification from the trial court that the hearing had been held, appellant filed a motion on July 12, 2017 asking us to rescind our abatement order and abate for a hearing on the record. In the motion, he states he believes a portion of the reporter's record is missing.

We **GRANT** appellant's July 12, 2017 motion to the extent we **ORDER** the trial court to hold a hearing to determine the status of the reporter's record of a pretrial hearing "held on May 26, 2016 or possibly another date." In this regard, the trial court shall make findings of fact regarding the following:

- Whether appellant timely requested the reporter's record;

- Whether there was a May 26, 2016 pretrial hearing as indicated on the trial court's docket sheet (or a pretrial hearing on another date prior to June 27, 2016 as indicated by the trial court and stated in the reporter's record from the June 27 hearing) and whether a court reporter was present during the hearing and reported the proceedings;

- If the hearing was reported, (1) the name and address of the court reporter who recorded the hearing; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

- If the proceedings were reported but the records and/or notes have been lost, destroyed, or are inaudible, the trial court shall determine whether (1) appellant is at fault for the lost, destroyed, or inaudible portion of the reporter's record; (2) the lost, destroyed, or inaudible portion of the reporter's record is necessary to the resolution of these appeals; and (3) the lost, destroyed, or inaudible portion of the reporter's record can be replaced by agreement of the parties; and

- If the hearing was not reported, whether appellant waived a record of the hearing.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Presiding Judge, Criminal District Court No. 7; Vearneas Faggett, court reporter, Criminal District Court No. 7; Crystal Johnson, court reporter; and to counsel for all parties.

These appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/  LANA MYERS
   JUSTICE